IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SOUTHEASTERN CARPENTERS AND       )
MILLWRIGHTS HEALTH TRUST, *et al.*,  )
                                  )
          Plaintiffs,             )
                                  )
v.                                )          CASE NO. 2:04-cv-483-F
                                  )                WO
M & M Construction,               )
                                  )
          Defendant.              )

## MEMORANDUM OPINION AND ORDER

This case arises out of unpaid employer contributions and interest to employee benefit

plans.   Plaintiffs filed a Complaint (Doc. #1) on May 18, 2004, seeking the unpaid

contributions, interest, liquidated damages, attorneys fees and costs and expenses under the

Employee Retirement Income Security Act of 1974 ("ERISA").  This Court has jurisdiction

pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

On July, 30, 2004, plaintiff applied to the Clerk for entry of default against M & M

Construction for failure to plead, answer, or otherwise defend, pursuant to Federal Rule of

Civil Procedure 55(a).   The Clerk issued an Entry of Default (Doc. #7) against M & M

Corporation on August 12, 2004.   This cause is presently before the Court on plaintiffs'

Motion for Default Judgment (Doc. #8), filed December 21, 2004.

### I. DEFAULT JUDGMENT STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against

1

Dockets.Justia.com

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Once this has occurred, "the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2).

The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. V. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

## II. FACTS

The allegations in the Complaint, which the Court accepts as true, are as follows. Plaintiffs are or represent three employee benefit plans: the "Health Trust," the "Pension

Trust," and the "Training Trust." Pursuant to a participation agreement, M & M Construction, an Alabama corporation, agreed to submit amounts to each fund monthly based on the monthly amounts earned by its employees. M & M Construction must submit reports regarding work performed during the previous month along with all contributions due by the 15th of each month. M & M Construction defaulted on this obligation by failing to pay contributions owed in February of 2004 and following.

According to rules and regulations adopted by the trustees of each trust, M & M Corporation is also liable for liquidated damages on "delinquent contributions," or those not received by the twentieth day of each month, with regard to the Health Trust and the Pension Trust. These liquidated damages are equal to the greater of $100 or ten percent of the amount of contributions overdue. If M & M Corporation has not submitted the necessary reports and contributions by the last day of each month, an additional late charge of five percent is assessed for each additional month or portion thereof that the employer remains delinquent. Plan documents governing the Training Trust do not provide for liquidated damages.

Although not specifically stated in the Complaint, M & M Corporation was delinquent on contributions from October 2002 through November 2003 and contributions for January 2004.

Plaintiffs filed a Complaint on May 18, 2004, seeking unpaid employer contributions, interest, liquidated damages, attorneys fees and costs and expenses. According to the Return Receipt Card, Chris Hutcherson signed for receipt of the summons and the complaint on

3

behalf of M & M Construction on June 1, 2004. However, M & M Construction has not answered or otherwise defended this action.

Plaintiffs filed this Motion on December 21, 2004, asking for default judgment in the amount of $16,468.85, plus attorneys' fees and costs. This number represents interest and liquidated damages on contributions owed from October 2002 to January 2004, which were paid late but prior to the filing of this suit. The Motion for Default Judgment does not seek any money for unpaid contributions themselves or any interest or liquidated damages on the unpaid contributions for February 2004 and following, which remained unpaid at the time of filing suit.

After filing the Motion for Default Judgment, plaintiffs received a check from M & M Construction, dated December 20, 2004, in the amount of $11,421.63 for "interest due." On January 10, 2005, plaintiffs filed Supplemental Documentation, which included a request that their original amount sought be reduced by the $11,421.63.

## IV. DISCUSSION

29 U.S.C. § 1145 states in pertinent part that

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and condition of such plan or such agreement.

The facts of this case indicate that M & M Construction has failed to make contributions to the plans at issue according to the terms of the participation agreement. Therefore, the

4

plaintiffs are entitled to a default judgment in their favor.  The only remaining question for

the Court is the amount of such judgment.

Plaintiffs request interest, liquidated damages, and attorneys' fees and costs, relying

on 29 U.S.C. § 1132(g)(2) , which states that in a suit brought on behalf of a plan pursuant

to section 1145, if

> judgment in favor of the plan is awarded, the court shall award
> the plan --
> > (A) the unpaid contributions,
> > (B) interest on the unpaid contributions,
> > (C) an amount equal to the greater of --
> > > (i) interest on the unpaid contributions, or
> > > (ii) liquidated damages provided for under the
> > > plan in an amount not in excess of 20 percent (or
> > > such higher percentage as may be permitted under
> > > Federal or State law) of the amount determined by
> > > the court under subparagraph (A),
> > (D) reasonable attorney's fees and costs of the action, to
> > be paid by the defendant, and
> > (E) such other legal or equitable relief as the court deems
> > appropriate.
> For purposes of this paragraph, interest on unpaid contributions
> shall be determined by using the rate provided under the plan,
> or, if none, the rate prescribed under section 6621 of Title 26.

The question of whether 29 U.S.C. § 1132(g)(2) applies to situations where, as here, the

Plaintiffs are seeking interest, liquidated damages, and attorney fees for contributions that

were not paid when they were due but were paid prior to the filing of the suit is one of first

impression within the Eleventh Circuit.  However, the courts that have addressed this issue

have found 29 U.S.C. § 1132(g)(2) to be inapplicable in such a case; if there are no "unpaid

contributions" under subsection (A), no interest or liquidated damages "on the unpaid

contributions" can be awarded under subsections (B) and (C). *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001) (Posner, J.) ("interest and liquidated-damages provision of ERISA apply . . . only to contributions that are unpaid at the date of suit."); *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989) ("Because no contributions were 'unpaid' at the time of this suit, § 1132(g)(2) does not apply."); *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 478 (8th Cir. 1988) ("the term 'unpaid contributions' has been interpreted to mean contributions unpaid at the time suit was filed . . . . We agree that this is the correct interpretation . . . ."); *Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Bldg. Tech, Inc.*, 747 F.Supp. 288, 296 (E.D. Pa. 1990) ("contributions [that] were all paid late, but before the complaint was filed . . . are not "unpaid" within the meaning of § 1132(g)(2), and are thus not entitled to ERISA interest, liquidated damages, and attorney's fees and costs."); *Trs. of the Glaziers Local 963 Pension, Welfare, & Apprentice Funds v. Walker & Laberge Co.*, 619 F.Supp. 1402, 1405 (D.C.Md. 1985) ("these delinquent contributions . . . , although they were untimely, . . . were tendered prior to the commencement of this suit and therefore do not qualified as "unpaid contributions"). *See also Farrell v. Metro. Relocations, Inc.*, 1996 WL 19223 (E.D.N.Y 1996).[1] Therefore, because Plaintiffs request relief on default judgment

---

[1]To the extent that there is any disagreement with this position, it is only as to whether, to be allowed relief pursuant to § 1132(g)(2), contributions must be unpaid not only as of the time of filing suit but also as of the time of entry of judgment. *See In re Mich. Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir 1991). This

only as to contributions that were paid prior to suit, they are clearly not entitled to damages pursuant to § 1132(g)(2) as requested.

However, Plaintiffs' complaint also offers the terms of the participation agreement executed with Defendant as grounds for award of damages. (Compl. 3, 5.) Although, again, the question has not been reached by the Eleventh Circuit, a majority of courts have held that ERISA does not preempt traditional contractual remedies in situations where § 1132(g)(2) does not apply. *See Operating Eng'rs Local 139*, 258 F.3d at 654 (stating that as to "the late contributions the defendant finally paid before the suit was brought, . . . their lateness violated the terms of the plans, thus entitling the fund to enforce the plan's provisions imposing interest and liquidated damages on delinquent contributions" even where § 1132(g)(2) did not apply); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 390 (6th Cir. 1991) (holding that "a fund has a valid claim for late payment and/or audit damages pursuant to its collective bargaining agreements with defendants, not covered by section 1132(g)"); *Idaho Plumbers*, 875 F.2d at 215 (9th Cir. 1989) (holding that "the MPPAA does not preempt the federal common law of liquidated damages when § 1132(g)(2) does not apply"); *Tr. of the Glaziers Local 963,* 619 F.Supp. at 1805 (finding that the "late contributions are subject to liquidated damages provided in the trust agreements," even where § 1132(g)(2) did not apply); *Bd. of Trs. of Local 41, Intern. Broth. of Elec. Workers Health Fund v. Zacher*, 171 F.Supp. 1323, 1336 (W.D.N.Y.,1991).

---

distinction, however, is not relevant to the facts of this case.

7

*See also Farrell*, 1996 WL 19223, *4 (permitting an award of interest pursuant to an agreement when § 1132(g)(2) did not apply).  *Contra*, *Gittleman*, 857 F.2d at 478-79 (holding that "[t]he detail and comprehensiveness of the section 1132(g)(2) remedy supports the conclusion that it was meant to supplant any remedy that otherwise would be available. We are convinced that section 1132(g)(2) is an exclusive remedy."); *Teamsters Local N. 429 Health & Welfare Fund v. Chain Bike Corp*, 643 F.Supp. 1337, 1334-44 (E.D.Pa. 1986).

The majority position is consistent with the plain language of section 1132(g)(2), which does not specify preemption, and is supported by legislative history, which tends to show that the enactment of § 1132(g)(2) was not intended to preempt alternative contractual remedies.  *See Idaho Plumbers*, 875 F.2d at 216-17 (reproducing relevant committee report provisions).  Moreover, as the Seventh Circuit stated, "the harm to the fund is not affected by the happenstance of when suit is brought in relation to the payment of the delinquent contributions." *Operating Eng'rs Local 139*, 258 F.3d at 656.  Therefore, this Court will follow the majority position and permit Plaintiffs to recover the contractual damages upon which they have agreed in regard to the untimely payments.

However, Plaintiffs in this matter have failed to provide sufficient information for the Court to reach an accurate determination of the damages as agreed upon.[2]  Therefore, it is hereby ORDERED that

---

[2]The Plaintiffs have not chosen to provide a copy of any such agreement to the Court. Additionally, possibly conflicting statements between the Complaint and Plaintiffs' brief make the Court hesitant to proceed without the agreement before it.

(1) the Plaintiffs' Motion for Default Judgment (Doc. #8), filed December 21, 2004, is GRANTED;

(2) Default judgment is hereby ENTERED in favor of the Plaintiffs and against Defendant M & M Construction; and

(3) a hearing to establish the amount of damages due to Plaintiffs under their agreement with M & M Construction will be set by separate Order of this Court.[3]

DONE this 2nd day of June, 2005.


                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Plaintiffs shall be prepared to present evidence and argument as to damages to which they are entitled under the agreement.  Additionally, the Court acknowledges that, although § 1132(g)(2) does not apply in this case, it may in its discretion award "all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party" pursuant to 29 U.S.C.A. § 1451.  *See, e.g. Jefferson Title Co. v. Colorado Tile, Marble & Terrazzo Workers Health, Welfare & Pension Funds*, 797 F.Supp. 857, 861 (D.Col. 1992).  Therefore, the Plaintiffs should come prepared to address any costs or attorney fees that they have accrued since their January 10, 2005 Response to Order (Doc. #12), including those in relation to the hearing.

9